UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ASANTE KAHARI, *pro se*,

                Plaintiff,                              <u>MEMORANDUM AND ORDER</u>
                                                                               08-CV-102 (DLI)(LB)

  -against-

SALVATION ARMY,

                Defendant.
-------------------------------------------------------------x
DORA L. IRIZARRY, United States District Judge:

      Plaintiff Asante Kahari filed this *pro se* action on January 7, 2008, pursuant to Title VII of the Civil Rights Act against the Salvation Army for refusing to hire him. He seeks $300 million in damages. The Court grants plaintiff's request to proceed *in forma pauperis*. However, as set forth below, the complaint is dismissed.

**BACKGROUND**

      Plaintiff alleges that "[o]n November 3, 2007, I responded to an online advertisement for employment with the Salvation Army for the position of case manager." Compl. ¶ 5. Plaintiff further alleges that, after two interviews, he was offered the position on November 13, 2007. *Id.* ¶¶ 6-9. However, defendant withdrew its offer of employment upon finding that plaintiff had been previously convicted of a felony, which he had disclosed on his application for employment. *Id.* ¶ 12. Plaintiff further alleges he was told that his conviction "might pose a problem because [defendant was] a Christian organization" and that, if he were white, "the organization might have been willing to overlook his prior conviction." *Id.* ¶ 13. Plaintiff alleges that defendant's "employment contract was not honored because I was a minority and because I was a minority who just happened to be a felon." *Id.* ¶ 14.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). The Second Circuit has held that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

**DISCUSSION**

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Before filing a Title VII claim, a plaintiff must exhaust his administrative remedies by satisfying two conditions: (1) timely filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or an equivalent state or city agency, and (2) timely filing of a suit in federal court upon receipt of a

right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(e)-(f)(1).[1] *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC.") (citations omitted); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (*per curiam*). This exhaustion requirement serves "to give the administrative agency the opportunity to investigate, mediate, and take remedial action," and "enable[s] the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation." *Fleming v. Verizon New York. Inc.*, 419 F.Supp.2d 455, 462 (S.D.N.Y. 2005) (citations omitted).

Here, it appears on the face of the complaint that plaintiff has not exhausted his administrative remedies. First, plaintiff does not allege that he filed a charge alleging discrimination prohibited under Title VII with the EEOC or a state or local agency. Second, plaintiff has not shown that he received a right to sue notice from the EEOC. Thus, plaintiff has failed to state a claim on which relief may be granted. Accordingly, the complaint is dismissed without prejudice to refile once plaintiff has exhausted his administrative remedies. 28 U.S.C. §1915(e)(2)(B)(ii).

---

[1] In New York, a Title VII "complainant has 300 days from the date of the alleged unlawful employment practice to institute proceedings with a state or local agency. *Forsyth v. Fed'n Employment & Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005), *abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162 (2007); *see also Harris v. City of New York*, 186 F.3d 243, 247 n.2 (2d Cir. 1999).

# CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) without prejudice to refiling once he has exhausted his administrative remedies. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 30, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge